IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMAL CRAIG,

        Plaintiff,

v.             //    CIVIL ACTION NO. 1:15CV221
                                (Judge Keeley)

MICHAEL WEAVER, EDDIE
ANDERSON, and T. SAVIDGE,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 61]

**I.**

On November 30, 2015, the pro se plaintiff, Jamal Craig ("Craig"), filed this Bivens[1] action against the defendants, Michael Weaver, Eddie Anderson, and T. Savidge (Dkt. No. 1). Craig ultimately filed his court-approved form on December 12, 2016 (Dkt. No. 26). According to Craig, the defendants violated his Eighth Amendment rights by being deliberately indifferent to a fractured clavicle sustained when he fell from his top bunk at Federal Correctional Institution, Gilmer. Id. at 7-13. In his complaint, Craig seeks $2,000,000 in damages and injunctive relief. Id. at 14. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the complaint to the Honorable Michael W. Trumble, United States Magistrate Judge, for initial review.

---

[1] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court permitted suit against federal employees in their individual capacity, creating a counterpart to suit under 42 U.S.C. § 1983.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 61]**

On August 31, 2017, the defendants moved to dismiss the complaint or, in the alternative, for summary judgment (Dkt. No. 48). In a thorough and well-reasoned report and recommendation ("R&R") entered on May 21, 2018, Magistrate Judge Trumble recommended that the Court grant the motion (Dkt. No. 61). Among other reasons, the magistrate judge explained that "the medical records fail to establish that Plaintiff's treatment . . . was improper" or constitutionally inadequate. Id. at 22.

The R&R also informed Craig of his right to file "written objections identifying those portions of the recommendation to which objections are made and the basis for such objections." Id. It further warned him that the failure to do so may result in waiver of his right to appeal. Id. On June 13, 2018, Craig filed objections, but failed entirely to identify the portions of the R&R to which he objected or the basis for such objections (Dkt. No. 62). Instead, he stated only that he has limited access to operable typewriters and that he "object[s] to each and every claim denied by the Magistrate Judge." Id. at 1.[2]

**II.**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28

---

[2] Notably, Craig's objections were prepared on a typewriter.

U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W.Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W.Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**III.**

In his two-page general objection, Craig fails to identify a specific error in the R&R (Dkt. No. 62 at 1). The failure to identify specific errors in Magistrate Judge Trumble's findings places the Court under no obligation to conduct a <u>de novo</u> review. <u>Diamond</u>, 313 F.3d at 315. Therefore, upon review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 61);

2) **OVERRULES** Craig's objection (Dkt. No. 62);

3) **GRANTS** the defendants' motion to dismiss or, alternatively, for summary judgment (Dkt. No. 48); and

4) **DISMISSES** the complaint **WITH PREJUDICE** (Dkt. No. 1).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> plaintiff, certified mail and return receipt requested, and to enter a separate judgment order. DATED: June 18, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
